UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLIFFORD D. MORRIS,                                                                                       Plaintiff,

v.                                                                         Civil Action No. 3:18-cv-P21-DJH

DANIEL COYETTEE, *et al.*,                                                    Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Clifford D. Morris leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### **I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against four employees of the Louisville, Kentucky Public Defender's Office in their official capacities – Daniel Coyettee, Director[1]; L. Smith, Assistant Director; A. Ray, "Forming/Attorney;" and Kalson Chan, "Public Defender."

In his complaint, Plaintiff writes as follows:

> I made complaints to District Court Judge . . . on several appearances. She said Kalson C. would represent me correctly. (A) I explain that I need following filed Aug 2016: compency test, fast speedy trial, waive all hearing move courts pick jury to resolve case's. (B) I ask over over to receive copies Grievances request and Prea Interview all medical records plus all times been to ER over past year. (C) April 2017 I made lots of requests for p/c motion be filed and often throughout incarceration since November 22, 2016. (D) On my circuit and district case's Kalson refused uphold my 4 Amendment and 8 Amendment C/R for legal work and be housed out of harm's way. Staff have broken my bones 6 times since 11-23-16 and keep my property away since May 2017. And lots often abuse disrespectful Co's torcher my bones and soul. Violated my 4 and 8th Amendment (complaint Bar Ass.).

---

[1] It appears to the Court that Plaintiff has misspelled the name of this Defendant. The actual name of the Executive Director of the Louisville-Jefferson County Public Defender Corporation is Daniel T. Goyette.

> I made complaints L. Smith . . . of poor service and my rights violated by Kalson Chan. Smith upheld violation over and over. This violates my rights to move courts for compency test, fast speedy trial, waive all hearing move pick jury, complaint Bar.
>
> Daniel C. Director aviated to talk with me me. I always request each time talked to Smith, Ray, Chan to inform him of my case's and of abuse that torcher's my soul. This violates my 8th and 4th Amendment C/R. (complaints Bar Ass. Twice).
>
> Angela R. Forming of Kalson Chan I let her know that he did not do anything ask of him. Compencey test, fast speedy, move to pre K jury resolve both cases. A) Informed Ray that that 1-26-17 Judge disappeared as I explained abuse and of poor services of Chan on case's. I told of eating dinner CO's assaults me picking me up by throat slamming serious injurys from teeth to back hip ribs mouth etc. B) being suicide watch March 2nd get stomped broken bones over request copy stated need p/c. I talk to her several times from 2-19 till 3-2 about for safety while housed suicide watch OPT2. (C) I stated that I should been sent KCPC for compency test like I asked of Chan to file motion Aug 2016 over and over. I stated that I need new attorney to her and following motion . . . Violates 4th and 8th Amendment.

As relief, Plaintiff seeks compensatory and punitive damages and "to preserve complaints to Judges and KCPC, A/C/L/U, Inter/Affairs."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claim against Defendant Chan fails because it is firmly established that a public defender does not act under color of state law for purposes of §1983 "while performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.") This is true even when a criminal defense attorney's defective performance results in the unconstitutional deprivation of an accused criminal defendant's liberty. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n.6 (1983); *see also, e.g.*, *Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding public defender not liable for ineffective assistance of counsel under § 1983); *Bomer v. Mueckenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (holding criminal defendant's appellate attorney was not liable for ineffective assistance of counsel under § 1983).

Plaintiff's claims against the other Defendants fail because Plaintiff's complaint suggests that he seeks to hold them liable as the supervisors of Defendant Chan. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
4415.011